**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 98-4803

KAREN BIVINS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 98-4804

ALBERTO ESPINOSA,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 98-4869

RAYFORD KERNS, a/k/a Woodchuck,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 99-4023

STEPHANIE CONTEE-OSORIO,
Defendant-Appellant.

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-97-343-AW)

Submitted: February 8, 2000

Decided: February 28, 2000

Before WILKINS and MOTZ, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Timothy J. Sullivan, SULLIVAN & SULLIVAN, College Park,
Maryland; William B. Purpura, Baltimore, Maryland; Joseph R.
Conte, BOND, CONTE & NORMAN, P.C., Washington, D.C.; Paul
F. Kemp, CATTERTON, KEMP & GREENBERG, Rockville, Mary-
land, for Appellants. Lynne A. Battaglia, United States Attorney,
Deborah A. Johnston, Assistant United States Attorney, Greenbelt,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Karen Bivins, Alberto Espinosa, Rayford Kerns, and
Stephanie Contee-Osorio were tried together and convicted of con-

2

spiracy to distribute and to possess with intent to distribute cocaine and heroin, and conspiracy to import cocaine and heroin. Bivins was also convicted of money laundering, possession with intent to distribute heroin, and three counts of possession with intent to distribute cocaine. Kerns was also convicted of four counts of possession with intent to distribute cocaine and two counts of money laundering. Contee-Osorio was also convicted of two counts of possession with intent to distribute cocaine. Appellants appeal their convictions on numerous grounds, and Espinosa also appeals his sentence. For the following reasons, we affirm in all respects.

I.

Kerns contends that the district court erred in denying his post-trial motion for a competency hearing. The district court must order a competency hearing under 18 U.S.C. § 4241(a) (1994), if there is reasonable cause to believe that the defendant may presently be suffering from a mental defect rendering him incompetent. Because Kerns offered no new evidence and because three competency hearings had already been held, the district court did not err in denying the motion.

II.

Kerns also argues that the prosecutor engaged in misconduct by making unduly prejudicial remarks during closing argument concerning Kerns' illiteracy. Before a court should reverse a conviction for prosecutorial misconduct, the defendant must demonstrate that the conduct was improper and that the conduct prejudicially affected the defendant's substantial rights. See United States v. Chorman, 910 F.2d 102, 113 (4th Cir. 1990). Since Kerns' attorney raised Kerns' illiteracy in his closing argument and urged jurors that Kerns could not have understood either his actions or the drug laws, the Government's response was permissible rebuttal. Moreover, the evidence against Kerns was extensive and included wiretaps, coconspirator testimony, physical and video surveillance, recovery of cocaine and heroin from the residence where he stayed, and his arrest while picking up a package containing cocaine. Therefore, the Government's conduct, even if error, was merely harmless.

3

III.

Contee-Osorio contends that the district court erred in denying her request for a contemporaneous, limiting instruction under Federal Rule of Evidence 105, after the Government introduced evidence of firearms found in Bivins' residence. Contee-Osorio requested an instruction that the firearms could not be considered against her.

Evidence of gun possession is relevant evidence in a drug conspiracy trial, even if there is no specific evidence linking the weapon to the conspiracy. See United States v. Ward, 171 F.3d 188, 195 (4th Cir.), cert. denied, ___ U.S. ___, 68 U.S.L.W. 3226 (U.S. Oct. 4, 1999) (No. 98-9824). In addition, we have recognized that guns are tools of the drug trade and are, therefore, generally relevant evidence in a drug conspiracy trial. See United States v. Ricks, 882 F.2d 885 (4th Cir. 1989). Thus, the firearms evidence was relevant to show that certain conspirators possessed "tools of the trade." Because this evidence was admissible to prove the existence of the conspiracy with which Contee-Osorio was charged, it was relevant and admissible against her. As such, no limiting instruction under Rule 105 was necessary.

IV.

The remaining claims raised on appeal are as follows: (1) the district court erred in admitting evidence of uncharged conduct against Bivins; (2) the district court erred in denying Bivins' motion for a new trial based on newly-discovered evidence; (3) the district court clearly erred in determining that Espinosa was responsible for in excess of 150 kilograms of cocaine and that Espinosa possessed a firearm during the offense; and (4) the district court erred in finding Kerns competent to stand trial. We have carefully reviewed the briefs and joint appendix as to each of these issues, and we find no reversible error. Therefore, we affirm the district court's rulings on the reasoning of the district court. See J.A. at 184-88, 406-08, 436-38, 577-79, 887-89, 948-50. The convictions and sentences of all Appellants are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4